**Presentment Date: May 22, 2014, at 12 p.m. (Eastern Time)**
**Objection Deadline: May 19, 2014 at 12 p.m. (Eastern Time)**

Thomas D. Bielli, Esquire (*Admitted Pro Hac Vice*)
David M. Klauder, Esquire (*Admitted Pro Hac Vice*)
**O'KELLY ERNST & BIELLI, LLC**
1600 Market Street, 25th Floor
Philadelphia, PA  19103
Phone:  (215) 543-7182
Facsimile:  (215) 525-9648

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>3062 Brighton 3rd Street, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-24114 (RDD) |

**DEBTOR'S MOTION FOR AN ORDER (I) (A) APPROVING SALE AND AUCTION PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) SCHEDULING AN AUCTION AND HEARING TO APPROVE THE SALE TRANSACTION; (C) APPROVING THE FORM AND MANNER OF NOTICE OF THE AUCTION AND SALE HEARING; AND
(II) APPROVING THE SALE OF THE DEBTOR'S ASSETS**

Debtor and Debtor-in-Possession 3062 Brighton 3rd Street, LLC (the "Debtor"), by and through its undersigned counsel, hereby files this Motion ("Motion") pursuant to 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedures, for entry of an order (a) approving sale and auction procedures (the "Auction Procedures") in connection with the sale of substantially all of the Debtor's assets; (b) scheduling an auction (the "Auction") and hearing to approve the sale transaction (the "Sale Hearing"); (c) approving the form and form and manner of the notice of the Auction and the Sale Hearing; and (d) approving the sale of the Debtor's assets, and for the grounds in support of the Motion sets forth as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue lies properly with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

3.  On December 31, 2013 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in order to remediate its financial situation and to work to satisfy the obligations that it owes to its creditors.

4.  Pursuant to §§1107(a) and 1108 of the Code, the Debtor continues to operate as debtors-in-possession. No trustee has been appointed. No official committee of unsecured creditors has been appointed.

5.  The Debtor is a limited liability company formed and existing under the laws of the State of New York.

6.  The Debtor owns the following parcels of real property (collectively referred to as the "Properties"):

    - 3062 Brighton 3rd Street, Brooklyn, NY
    - 3058 Brighton 3rd Street, Brooklyn, NY
    - 3043 Brighton 3rd Street, Brooklyn, NY
    - 599 Vanderbilt Avenue, Brooklyn, NY

7.  On October 15, 2013, 1236 Avenue U Corp. ("Affiliated Debtor"), an affiliate of Debtor, filed for bankruptcy protection. The Affiliated Debtor owns a parcel of real property.

8. Frank Rosemberg owns and operates both Debtor and the Affiliated Debtor. Mr. Rosemberg is currently in his own personal chapter 11 bankruptcy (the "Personal Debtor"), which is also before this Court. The proposed auction and sale process that is discussed in this Motion is also being filed and pursued in the bankruptcy cases for the Debtor and the Affiliated Debtor.

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks entry of an order (a) approving the Auction Procedures (as detailed below) for the sale of substantially all of the Debtor's assets; (b) scheduling the Auction and Sale Hearing to approve the sale transaction; (c) approving the form and manner of the notice of the Auction and Sale Hearing. In addition, the Debtor also seeks, at the conclusion of the Sale Hearing, an order approving the sale of the Debtor's assets.

## PROPOSED SALE AND AUCTION PROCEDURES

10. The Debtor proposes to sell the Properties, along with assets of the Affiliated Debtor and the Personal Debtor, through a public action. At this time, the Debtor has not selected a stalking horse bidder for the Properties, but the Debtor reserves the right to do so at any time prior to commencement of the Auction and upon a notice filed with this Court.

11. The Debtor has selected a highly qualified auctioneer to notice, market and conduct the Auction. The Orlan Group, Inc. will be the auctioneer (the "Auctioneer").[1] The Auctioneer will conduct the auction pursuant to the Auction Procedures, which are described herein.

12. The Auction will be a minimum bid auction. The minimum bid for the Properties are as follows:

---

[1] Simultaneous with the filing of the Motion, the Debtor has filed an application to retain the Auctioneer pursuant to section 327(a) of the Bankruptcy Code.

3

- 3062 Brighton 3rd Street, Brooklyn, NY - $750,000.00
- 3058 Brighton 3rd Street, Brooklyn, NY - $750,000.00
- 3043 Brighton 3rd Street, Brooklyn, NY - $500,000.00
- 599 Vanderbilt Avenue, Brooklyn, NY - $1,500,000.00

13. The Auction and bidding for the Properties shall be subject to the following terms: (a) no portion of the Properties shall be sold or withdrawn prior to the auction unless specific Court approval is sought and obtained; (b) bids by proxy shall be permitted, provided all auction terms are satisfied; (c) the Properties shall be sold "As Is, Without Warranty; (d) cash, certified check or wire transfer for Warranty Deed (free and clear of all liens, security interests and encumbrances) at Closing; and (e) marketable title, insurable by a nationally recognized title insurance company, and full possession of the Property to be delivered by Seller with Warranty Deed and Seller covenants to deliver a signed and acknowledged Warranty Deed to the buyer or buyer's designee on the Closing Date.

14. The Auctioneer will conduct the Auction at a date and time to be determined once Court approval of the Motion is obtained. The Auction for the Properties will be conducted in conjunction with the auction for the assets of the Affiliated Debtor and the Personal Debtor.

15. The Auctioneer has budgeted $8,300.00 for advertising and promotion expenses, including the production of bidder's information packets, brochures, photography, public relations, media advertising, list procurement, direct mail, email campaign, personnel and associated costs.

16. The following compensation and associated fees shall be assessed and/or paid to the Auctioneer:

    (a) <u>If the Properties are Sold at Auction</u>. The Auction Company and Broker shall earn the five percent (5%) Buyers Premium as its commission at closing.

4

>   Payment of the commission shall be paid from the Seller from the first proceeds thereon for the full amount of the commission and payment of the commission shall be a condition of closing. Any advanced expenses authorized by the Seller in writing and paid for by the Auction Company and/or Broker shall be paid from the proceeds at closing (e.g. property maintenance expenses, minor repairs, etc…).
>
>   (b) <u>If the Properties are Sold Prior to the Auction or After the Auction but during the Term of this Agreement</u>. The Auction Company and Broker shall earn from the Seller a five percent (5%) commission based on the contract price at closing. Payment of the commission shall be paid from the first proceeds thereon for the full amount of the commission and payment of the commission shall be a condition of closing. Any advanced expenses authorized by the Seller in writing and paid for by the Auction Company and/or Broker shall be paid from the proceeds at closing (e.g. property maintenance expenses, minor repairs, etc…).
>
>   (c) <u>Buyers Premium</u>. A Buyer's Premium of five percent (5%) will be added to the high bid at the auction to determine the Final Sales Price of the Properties.

17. An entity that is seeking to become a qualified bidder will deliver financial information at the Auction to the Debtor and other key parties reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed.

18. The Auction will be conducted openly and each bidder will be informed of the, terms of the previous bid. Each bidder is expected to confirm at the Auction that it has not engaged in any collusion with respect to the bidding or the sale.

19. The Debtor, in conjunction with its professional advisors, will determine in its business judgment at the Auction the highest and best offer for the Properties.

20. Absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, the Court will not consider bids made after the Auction has been closed.

**BASIS FOR RELIEF REQUESTED**

**A. The Auction Procedures are Fair and Are Designed to Maximize the Value of the Assets**

21. The Auction Procedures proposed herein are designed to maximize the value received for the Debtor's assets by facilitating a competitive bidding process in which all potential bidders are encouraged to participate and submit competing bids and then a robust auction takes place.

23. The Auction Procedures provide potential bidders with more the notice envisioned by Rule 2002 of the Bankruptcy Rules, which is sufficient notice and an opportunity to acquire the information necessary to submit a timely and informed bid.

24. At the same time, the Auction Procedures provide the Debtor with the opportunity to consider all competing offers and to select the highest or best offer for the Properties. Accordingly, the Debtor and all parties in interest can be assured that, taking into account the financial condition of the Debtor, the consideration paid for the Debtor's assets will be fair, reasonable, and in the best interest of the Debtor's estate and creditors, and there are sound business reasons to approve the Auction Procedures.

**B. The Sale of Assets is Authorized Under Sections 363(b) and 363(f) of the Bankruptcy Code**

25. At the conclusion of the Sale Hearing, the Debtor will also request that the Court approve the sale of the Properties to the proposed purchaser or such other bidder who submits the prevailing bid. The Debtor submits that the sale of the Properties to the proposed purchaser pursuant to a sale agreement that the Debtor may reach with the party submitting the prevailing bid, is in the best interest of the Debtor's estate and its creditors.

26.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, courts have required that such use, sale or lease be based upon a debtor's sound business judgment.

27.     The decision to sell the Properties by public auction pursuant to section 363 of the Bankruptcy Code is an exercise of sound business judgment by the Debtor.

28.     The Debtor respectfully submits that it is appropriate to sell the Properties free and clear of all interests, pursuant to section 363(f) of the Bankruptcy Code, with all such interests attaching to the net sale proceeds of the Properties to the extent applicable.

29.     The Debtor believes that one or more of the tests under section 363(f) will be satisfied with respect to the transfer of the Properties pursuant to a Sale Order.  In particular, the Debtor believes that the lienholders who have an interest in the Properties will consent to the proposed sale, therefore, section 363(f)(2) will be satisfied.

C. **The Sale Complies with Federal Rule of Bankruptcy Procedure 6004**

30.     Federal Rule of Bankruptcy Procedure 6004(f)(1) provides that all sales not in the ordinary course of business may be by private sale or public auction.  See Fed. R. Bankr. P. 6004(f)(1).

31.     Because the proposed sale will take place after the Auction is conducted and completed, the requirements of Bankruptcy Rule 6004 are satisfied.

WHEREFORE the Debtor respectfully requests that the relief requested in the Motion be granted, along with such further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: Philadelphia, PA<br>May 8, 2014 | **O'KELLY ERNST & BIELLI, LLC**<br><br>*/s/ Thomas D. Bielli*<br>Thomas D. Bielli, Esquire (*Pending Admission Pro Hac Vice*)<br>David M. Klauder, Esquire (*Pending Admission Pro Hac Vice*)<br>1500 Walnut Street, Suite 900<br>Philadelphia, PA  19102<br>Phone: (215) 543-7182<br>Fax: (215) 525-9648<br>tbielli@oeblegal.com<br>dklauder@oeblegal.com<br><br>*Proposed Counsel to the Debtor* |