Presentment Date: May 12, 2015, at 10:00 a.m. (Eastern Time)
Objection Deadline: May 5, 2014 at 4:00 p.m. (Eastern Time)

Thomas D. Bielli, Esquire (*Admitted Pro Hac Vice*)
David M. Klauder, Esquire (*Admitted Pro Hac Vice*)
**O'KELLY ERNST & BIELLI, LLC**
1500 Walnut St., Ste. 900
Philadelphia, PA  19102
Phone:  (215) 543-7182
Facsimile:  (215) 525-9648
TBielli@oeblegal.com
DKlauder@oeblegal.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 3062 Brighton 3rd Street, LLC, | Case No. 13-24114 (RDD) |
| Debtor. | |

**MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION
FOR THE ENTRY OF AN ORDER AUTHORIZING SALE OF
CERTAIN PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b)
AND (f), AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004**

3062 Brighton 3rd Street, LLC, the Debtor and Debtor-in-Possession (the "Debtor"), by and through its undersigned counsel, hereby moves this Court (the "Motion") pursuant to sections 363(b) and 363(f) of title 11 of the United States Code ("Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Rules") for entry of an order authorizing the sale of certain real property of the estate (as described herein).  In support thereof, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought by this Motion is based upon section 363(b) of the Bankruptcy Code and Rule 6004 and has been filed in accordance with the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

3.      On December 31, 2013, (the "Petition Date") Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      Debtor continues in possession of its property and manages its financial affairs as a debtor-in-possession.

5.      As of this date, the Office of the United States Trustee has not appointed a statutory creditors' committee.

6.      The Debtor owns real property commonly known as 599 Vanderbilt Ave., Brooklyn, NY 11238 ("Property"). The Debtor listed the Property on his Schedule A with a value of $1,500,000.00. The Property is subject to a mortgage lien (the "Mortgage") in favor of Columbia Capital Co. ("Secured Creditor"). The Mortgage is less than the purchase price under the Sale Agreement.

## RELIEF REQUESTED

7.      By this Motion, the Debtor seeks authority to sell the Property pursuant to the Agreement of Sale (the "Sale Agreement") that is attached hereto as Exhibit "A". The Debtor seeks to sell the Property free and clear of all liens, claims, encumbrances and interests with the proceeds from the sale to be distributed as set forth below.

## BASIS FOR RELIEF REQUESTED

8.      The Sale Agreement calls for the Property to be sold to Asian Inc. (the "Buyer") for a total purchase price of $1,950,000.00.

9. The Debtor previously retained Orlan Group, Inc. ("<u>Auctioneer</u>") to sell the Property at an auction[1]. Pursuant to orders of this Honorable Court dated August 26, 2014, and August 27, 2014 (D.I. 53 and 54), an auction ("<u>Auction</u>") of the Property was held on or about September 9, 2014. JRK Capital, Inc. ("<u>JRK</u>") placed the highest bid at the auction, offering a credit bid of $1,830,000.00 with auctioneer fees of $10,000.00 for a total of $1,840,000.00. Whether or not JRK is entitled to a credit bid is the subject of the hearing on May 12, 2015, 10:00 a.m.

10. Under the Sale Agreement, the proposed settlement date for the Property is no later than June 12, 2015.

11. The proceeds from the sale of the Property will be paid as follows: a) all necessary and appropriate settlement costs; b) payment to the real estate broker of 3% of the purchase price; c) payment of the Mortgage to the Secured Creditor[2]; and d) payment to the estate of the remaining net proceeds.

12. The Debtor believes that the Sale Agreement constitutes the highest and best value for the Property. The sale of the Property pursuant to the Sale Agreement will permit the seller to not only pay the Secured Creditor, but also generate significant funds for the Debtor's estate. The purchase price in the Sale Agreement is approximately $130,000.00 higher than the amount of JRK's credit bid.

13. The Sale Agreement is in the best interest of the Debtor, its estate, and its creditors. In addition to generating approximately $130,000.00 more for the Debtor's estate, the Sale Agreement will benefit all creditors, not just the Secured Creditor.

---

[1] Orlan's retention was approved by order of this Court dated May 27, 2014 (D.I. 35).
[2] The amount of the Secured Creditor's claim against the Debtor is the subject of the May 12, 2015 hearing.

3

14. The Debtor has worked very hard with both the Auctioneer as well as the Broker to facilitate the sale of the Property. In particular, after the Auction, the Debtor worked diligently to obtain the Sale Agreement, which has been negotiated in good faith among the parties, and which the Debtor believes, in its business judgment, to be the highest and best offer for the Property.

15. The Debtor has determined in his business judgment that the sale of the Property, pursuant to the terms set out in the Sale Agreement and this Motion, is in the best interest of the estate and the creditors.

16. Section 363(b) (1) of the Bankruptcy Code provides that a trustee may "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b) (1). Moreover, section 105(a) of the Bankruptcy Code states that "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. A sale of a debtor's assets has been authorized pursuant to section 363 of the Bankruptcy Code by the United States Court of Appeals for the Second Circuit (the "Second Circuit") if a sound business purpose exists for doing so. *See, e.g., In re Chateaugay Corp.,* 973 F.2d 141 (2d Cir. 1992); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 772 F.2d 1063, 1071 (2d Cir. 1983); *In re Adelphia Commc'ns Corp.,* No. 02-41729 (REG) (Bankr. S.D.N.Y. July 31, 2002). *See also, Official Comm. of Sub. Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.),* 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993), *quoting Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del. 1985) ("the business judgment rule 'is a presumption that in making a business decision the directors of a corporation

4

acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company,'" which has continued applicability in bankruptcy).

18. Once a court is satisfied that there is a sound business judgment for the proposed sale, the court must then determine whether: (i) the debtor has provided interested parties with adequate and reasonable notice; (ii) the sale price is fair and reasonable; and (iii) the purchaser is proceeding in good faith. *In re Betty Owens Sch.*, 1997 U.S. Dist. Lexis 5877, *12 (S.D.N.Y. 1997) (*citing In re Delaware & Hudson Ry.*, 124 B.R. 169, 176 (D. Del. 1991)).

19. The Debtor requests authorization to sell the Property free and clear of liens, claims, encumbrances and interests. Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

   a) applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

   b) such entity consents;

   c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d) such interest is in *bona fide* dispute; or

   e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

20. The Debtor believes that the Sale Agreement is the best offer for the Property. Combined with the distribution arrangements set forth herein, the Debtor believes the Sale

Agreement provides the basis for the Property to be sold pursuant to the best interests of creditors and the estate.

21. Moreover, the provisions of Bankruptcy Code section 363(f) are satisfied as the Mortgage will be paid in full through the proceeds of the sale. In addition, the Property is being sold in a commercially reasonable sale at its market value, therefore the sale of the Property free and clear of the additional lienholders is warranted under section 363(f).

22. Therefore, the Debtor may sell the Property free and clear of all liens, claims, encumbrances and interests.

23. In addition, the proposed sale complies with Rule 6004(f)(1). Rule 6004(f)(1) provides that all sales not in the ordinary course of business may be by private sale or public auction. *See* Fed. R. Bankr. P. 6004(f)(1). Moreover, Rule 6004(h) provides that an "order authorizing the use, sale or lease of property…is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtor requests that the Court waive this fourteen (14) day stay, and that an Order approving the sale be effectively immediately.

24. The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and waive the fourteen (14) day stay, the leading bankruptcy treatise suggests that the fourteen (14) day stay period should be eliminated to allow as sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 15th Ed. Rev., para 6004.10 at 6004-18 (L. King, 15th rev. ed. 2008). The treatise further provides that if an objection is filed and overruled, and the objection party

informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.

25. As described above, time is of the essence with respect to this sale. The Debtor and the Buyer have been negotiating this sale for a significant period and both parties intend on quickly closing this sale transaction. In fact, the closing under the Sale Agreement is scheduled to take place no later than June 12, 2015. In addition, the Debtor wishes to move expeditiously in order to allow payment of significant secured claims, which will only benefit the estate. Consequently, a waiver of Rule 6004(h) stay is in the best interests of the Debtor and the estate.

## **NOTICE**

26. Notice of this Motion will be provided to (i) the United States Trustee; (ii) the Debtor's secured creditors; (iii) any party with an interest in the Property; (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (v) all creditors of the Debtor as listed on the matrix of creditor. The Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order authorizing the Debtor to sell the Property free and clear of all liens, claims, encumbrances, and interests, pursuant to the terms of the Sale Agreement and as set forth in the Motion, and grant all such other and further relief that the Court deems just and equitable.

| | |
|---|---|
| Dated: April 21, 2015 | **O'KELLY ERNST & BIELLI, LLC**<br><br>*/s/ Thomas D. Bielli*<br>Thomas D. Bielli, Esquire<br>1500 Walnut St., Ste. 900<br>Philadelphia, PA 19102<br>Phone: (215) 543-7182<br>Fax: (215) 525-9648<br>tbielli@oeblegal.com<br><br>*Counsel to the Debtor* |